IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | |
|---|---|
| DAPHNE NOBLE and TERRY FREE<br><br>Plaintiffs<br><br>V.<br><br>SHERIFF GREG SANCHES, Individually and in his Official Capacity as Angelina County Sheriff<br>and<br>CAPTAIN ALTON LENDERMAN, Individually and in his Official Capacity as Angelina County Captain<br>and<br>ANGELINA COUNTY, TEXAS<br><br>Defendants | CIVIL ACTION NO. 9:14cv35<br><br>JUDGE _____<br><br>JURY DEMANDED |

**PLAINTIFFS' ORIGINAL COMPLAINT**

TO THE HONORABLE COURT:

NOW COME Plaintiffs Daphne Noble and Terry Free, who for their complaint state as follows:

**I**

**Introduction**

1.   Plaintiffs Noble and Free commence this action pursuant to 42 U.S.C. § 1983 because their constitutional rights have been violated. Specifically, Plaintiffs were retaliated against for speaking out on matters of public concern.

2.   Plaintiffs seek compensatory damages, including lost business income, and statutory attorney's fees.

II

**Jurisdiction**

3.     This Court has jurisdiction over Plaintiffs' constitutional claim for which redress is provided by Title 42 U.S.C. § 1983 pursuant to Title 28 U.S.C. § 1343(a)(3).  This Court also has federal question jurisdiction over all of Plaintiffs' federal claims pursuant to Title 28 U.S.C. § 1331.

III

**Parties**

4.     Plaintiff Daphne Noble is and was at all times relevant hereto a United States citizen and a resident of Angelina County, Texas.

5.     Plaintiff Terry Free is and was at all times relevant hereto a United States citizen and a resident of Angelina County, Texas.

6.     Defendant Sheriff Greg Sanches is a resident of Angelina County, Texas, and is the duly elected Sheriff for Angelina County, Texas.  Defendant Sheriff Sanches' duties include the duty to promulgate and implement policies and procedures to insure that employees are not terminated in violation of their constitutional or statutory rights.

7.     Defendant Captain Alton Lenderman is a resident of Angelina County, Texas and is a Captain with the Angelina County Sheriff's Department.  Defendant Captain Lenderman's duties include the duty to promulgate and implement policies and procedures to insure that employees are not terminated in violation of their constitutional or statuory rights.

8.     Defendant Angelina County, Texas is a county within the boundaries of the Eastern District of Texas.  It is and was at all times relevant hereto Defendant Angelina County, Texas' responsibility and duty to treat all citizens, including Plaintiffs, in accordance with minimum constitutional and statutory requirements.  It is Defendant Angelina County, Texas' duty to

promulgate policies and procedures to insure that citizens are not fired in violation of their rights under the First Amendment to the United States Constitution.

## IV

### Statement of Facts

9. Plaintiffs began working as reserve deputies for Defendant Angelina County, Texas' sheriff's department in approximately December, 2008.

10. In approximately 2011, Plaintiffs began operating TMSA Security and Executive Protection. This business did not conflict in any way with Plaintiffs' work as reserve deputies with the Angelina County Sheriff's Department.

11. During approximately 2012, Plaintiffs began speaking out that the way Angelina County sheriff's deputies transported individuals from the Burke Center violated state law.

12. Violation of the law by county employees is a matter of public concern.

13. Plaintiffs were terminated in June, 2013 as a result of speaking out on this matter of public concern. Plaintiffs were told that the reason for their termination was their owning of a security company. However, this reason is clearly pretextual as several other deputies are engaged in private investigation and/or security work.

14. Defendants Sheriff Sanchez and Captain Lenderman made the decision and/or were the moving force behind the unlawful decision to terminate Plaintiffs in violation of their constitutional rights and are sued in their official and individual capacities.

**Defendant Angelina County, Texas**

15. Defendant Angelina County, Texas' termination of Plaintiff s as set out above was in compliance with Defendant Angelina County, Texas' deficient actual policies, procedures, practices, and customs which tolerated the violation of constitutional and statutory rights.

16.     The deficient actual policies, procedures, practices and customs relating to the violation of First Amendment rights set out above were caused by and amount to the conscious disregard of and deliberate indifference to the rights of Plaintiffs.

17.     Finally, Defendant Angelina County, Texas' deficient actual policies, procedures, practices and customs tolerating police misconduct are a producing and proximate cause of Plaintiffs' damages.

**Damages**

18.     Plaintiffs' damages proximately caused by Defendants include lost pay and contracts with other entities from which Plaintiffs were barred from doing business as a result of Plaintiffs' loss of their reserve deputy status.  Additionally, Plaintiffs have suffered embarrassment, damage to reputation, mental and emotional anguish, attorney's fees and costs.   Finally, Plaintiffs seek reinstatement to their positions as reserve deputies.

**Miscellaneous**

19.     Defendant was acting under color of state law at all times relevant hereto.

**V**

**Causes of Action**

**Federal Cause of Action**

20.     Defendant's acts and omissions, set forth above, constitute violations of Plaintiffs' rights guaranteed under the First Amendment to the United States Constitution for which redress is provided by Title 42 U.S.C. § 1983.

**VI**

**Jury Demand**

21.     Plaintiffs demand a trial by jury on all issues so triable.

## VII

### **Prayer for Relief**

22.     WHEREFORE, Plaintiffs pray this Honorable Court:

    (a)     Enter declaratory judgment against Defendants and in favor of Plaintiffs recognizing that Defendants violated their First Amendment rights;

    (b)     Enter judgment against Defendants and in favor of Plaintiffs for all compensatory damages to which Plaintiffs are entitled;

    (c)     Enter judgment against Defendants and in favor of Plaintiffs for all equitable relief to which Plaintiffs are entitled, including reinstatement;

    (d)     Grant Plaintiffs a trial by jury; and

    (e)     Grant Plaintiffs any and all additional relief to which they appear to be entitled, including a reasonable attorney fee, costs herein expended, pre-judgment interest, and post-judgment interest as provided by law.

Respectfully submitted,

*/s/ Alex A. Castetter*
Alex A. Castetter
Attorney for Plaintiffs Noble and Free
Bar Card No. 00783808

Stuckey, Garrigan & Castetter
Law Offices
2803 North Street/P.O. Box 631902
Nacogdoches, Texas 75963-1902
(936) 560-6020 / Fax: 560-9578
Alex@sgclaw.org